UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL CALKINS and KELLEY
CALKINS,

      Plaintiffs,

v.                                        Case No: 2:15-cv-454-FtM-29CM

USAA CASUALTY INSURANCE
COMPANY,

      Defendant.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiffs' Motion for Leave of Court to File Amended Complaint Adding Punitive Damages and Incorporated Memorandum of Law in Support Thereof (Doc. 16) filed on November 20, 2015. On December 11, 2015, Defendant filed a response in opposition. Doc. 19. The motion is ripe for review. For the reasons that follow, the Court recommends that the motion be denied.

### Background

On or about May, 2009, Plaintiffs instituted an action against Defendant, for Unfair Methods of Competition and Unfair or Deceptive Acts or Practices pursuant

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

to Fla. Stat. §§ 624.155 and 626.9541 in the Circuit Court of the Twentieth Judicial Circuit for Charlotte County, Florida ("state action").  Doc. 19-1.  The alleged facts precipitating the lawsuit stem from Defendant's handling of Plaintiffs' insurance claim for damages sustained to their home as a result of a hurricane in August 2004. *Id.*  Defendant was served with the state action complaint on June 1, 2009.  Doc. 19 at 3.  Early on in the state action litigation, Defendant began exploring removing the case to federal court, and sought information from Plaintiffs with respect to the amount in controversy in order to accomplish this goal.[2]  Doc. 19 at 3.

In the same month that Defendant was served, its counsel sent an e-mail to Plaintiffs' counsel requesting a specific amount of damages that Plaintiffs were seeking.  Doc. 19-2.  Plaintiffs' counsel did not respond to this request.[3]  Doc. 19 at 3.  On August 2009, Defendant propounded requests for admission to Plaintiffs, six of which asked Plaintiffs to admit that the amount in controversy in the state action exceeded $75,000.00.  Doc. 19-3.  Plaintiffs denied each of the requests.  *Id.*  In October 2012, both Plaintiffs testified in their depositions that they did not know the amount of damages they sought to recover.  Docs. 19-4, 19-5.  Mr. Calkins testified that he had not computed the damages at the time he answered the requests for admission in August 2009, and he had not computed the damages as of the date of

---

[2] Plaintiffs' state action complaint alleged, "[t]his is an action for damages in excess of Fifteen Thousand and No/100 Dollars ($15,000) exclusive of pre judgment interest, court costs, and attorney fees."  Doc. 19-1 ¶ 1.

[3] Defendant's counsel has attached an exhibit of the e-mail sent and asserts that the e-mail was ignored.  Doc. 19 at 3.  Plaintiffs have not moved for leave to reply to any of the assertions made in the response.

his deposition in October 2012. *See* Doc. 19-5 at 2-3. On February 27, 2015, Defendant served damage interrogatories upon Plaintiffs seeking the amount, computation and factual basis for the damages that Plaintiffs sought to recover. Docs. 19 at 6; 19-6. On July 2015, Plaintiffs served their verified answers to Defendant's damage interrogatories, showing for the first time that the damages they sought exceeded $75,000.00. Doc. 19-6. Moreover, Plaintiffs claimed that they would be seeking punitive damages. *Id.* That same month, Defendant filed a Notice of Removal based on diversity of citizenship. Doc. 1.

In the Notice of Removal, Defendant argued that while ordinarily 28 U.S.C. § 1446(c)(1) would operate as a bar to removal after one year since the filing of the state action, the Court should accept jurisdiction because Plaintiffs acted in bad faith in order to prevent Defendant from removing the action. Doc. 1 at 2-5. Specifically, Defendant relied on Plaintiffs' conduct with respect to the amount in controversy, as outlined herein, and argued that Plaintiffs deliberately failed to disclose the actual amount in controversy in order to prevent removal. *Id.* On September 30, 2015, this Court ordered Defendant to show cause or supplement the Notice of Removal only with respect to Plaintiffs' citizenship.[4] Defendant complied within the required timeframe, and the Court subsequently entered an order noting that it "is satisfied as to its subject-matter jurisdiction and will take **no further action** on the matter." Doc. 13. (emphasis in original).

---

[4] The Court acknowledged that Defendant alleged Plaintiffs pled they were residents of Charlotte County, Florida, but "pleading residency is not the same as pleading domicile," and thus requested further information. Doc. 11 at 2.

Now, Plaintiffs move for leave to amend their complaint to add punitive damages. Doc. 16. Plaintiffs argue that since the removal of this action to federal court, they now have a right to plead and claim punitive damages in their complaint, notwithstanding Fla. Stat. § 768.72, which proscribes a claim for punitive damages unless there is a reasonable basis for such damages by evidence in the record or proffered by the claimant. Defendant argues that Plaintiffs' motion should be denied because (a) Plaintiffs engaged in undue delay, bad faith, and dilatory motive, (b) Defendant would be prejudiced by amendment of the complaint, and (c) amendment would be futile.

## Discussion

For amendments not filed as a matter of course, Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court, however, "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Under Florida law, a plaintiff is precluded from asserting claims for punitive damages unless record evidence or a proffer by the plaintiff establish a reasonable basis for recovery of punitive damages. Fla. Stat. § 768.72(1). The statute explicitly permits amendments to assert claims for punitive damages. *Id.* By contrast, the Federal Rules of Civil Procedure permit, but do not require, a plaintiff to assert all claims for relief to satisfy basic pleading standards. *See* Fed. R. Civ. P. 8(a)(3) (to

state a claim for relief, a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief").

Where a state law conflicts with a federal procedural rule, as section 768.72 conflicts with Rule 8, the federal rule prevails.[5]  *Hanna v. Plumer*, 380 U.S. 460 (1965).  Addressing this very issue, the United States Court of Appeals for the Eleventh Circuit determined that section 768.72, Florida Statutes, conflicts with Rule 8, Federal Rules of Civil Procedure; and therefore federal courts sitting in diversity must apply the standard set forth in Rule 8.  *See Cohen*, 184 F.3d at 1299 ("Our application of *Hanna* leads us to conclude that the pleading component of § 768.72 does not apply . . . due to its conflict with Rule 8(a)(3).  For that reason, we hold that the pleading requirements of Florida Statues § 768.72 are inapplicable in federal diversity cases."), *vacated in part on other grounds on reh'g by* 204 F.3d 1069 (11th Cir. 2000).

Here, Plaintiffs originally filed the case in state court.  Accordingly, Plaintiffs could not immediately have pled punitive damages.  Because this action was removed to federal court, Plaintiffs need not comply with the evidentiary requirements of section 768.72(1) of the Florida Statues.  Instead, Plaintiffs must merely comply with Fed. R. Civ. P. 8(a)(3), which has been held to require a "concise statement identifying the remedies and the parties against whom relief is sought."

---

[5] In a case discussing *Hanna*, the Eleventh Circuit has noted that "the only exception" to this rule, "is where the advisory committee, the Supreme Court, and Congress have collectively erred and adopted a federal procedural rule that is either unconstitutional or should not have been adopted under the Rules Enabling Act process because it is a matter of substantive law."  *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1296-97 (11th Cir. 1999).

*Cohen*, 184 F.3d at 1297.  Pertinent to the cause of action in this case, Florida law provides that

> [n]o punitive damages shall be awarded . . . unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are (a) [w]illful, wanton, and malicious; (b) [i]n reckless disregard for the rights of any insured; or (c) [i]n reckless disregard for the rights of a beneficiary under a life insurance contract."

Fla. Stat. § 624.155(5).  Plaintiffs' proposed amended complaint alleges "as a general business practice, [Defendant] intentionally and/or in such reckless disregard for the rights of the insureds, utilizes unfair claims handling practices for financial gain and profit."  Doc. 16 at 20 ¶ 32.  The proposed amended complaint also alleges that the violations "were made so often as to constitute a general business practice and with the motive of [Defendant] to enhance its profits . . . and all such actions were conducted intentionally, maliciously, or in the reckless disregard of the rights of Plaintiffs."  *Id.* at 25 ¶ 44.  Accordingly, Plaintiffs' amended complaint complies with the minimal requirements of Rule 8(a)(3).

Because leave to amend shall be freely given, the Court must find a justiciable reason in denying a request for leave to amend.  *See Foman*, 371 U.S. at 182.  A court need not allow amendment where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment. . . ."  *Foman*, 371 U.S. at 182; *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Burger King Corp. v. Weaver*, 169

F.3d 1310, 1319 (11th Cir. 1999) (quoting *Foman*, 371 U.S. at 182). If a proposed amendment would not survive a motion to dismiss, the motion to amend will be denied as futile. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations and citation omitted). Here, the undersigned finds that the motion to amend should be denied because there exists bad faith and dilatory motive, and because allowing amendment would cause undue prejudice to Defendant.

As one court has noted, "[b]ad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage." *GSS Properties, Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. 1988). Moreover, "when a plaintiff withholds his true position from his opponent, especially when done for some ulterior purpose, the Court may view the action as having a bad faith motive unless satisfactory explanation clearly shows otherwise." *Id.* Additionally, when inquiring into the good faith of the moving party, the Court may take into account the movant's delay in seeking the amendment. 6 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1488 (3d. ed. 2010).

Defendant argues that the same "bad faith" that enabled it to remove this action to federal court warrants denial of the motion for leave to amend. Defendant relies, in part, on *Hill v. Allianz Life Ins. Co. of N. Am.*, 51 F. Supp. 3d 1277 (M.D. Fla. 2014), in which the court analyzed whether there existed the requisite "bad faith" requirement under 28 U.S.C. § 1446(c)(1) to allow the defendant to remove the action from state court to federal court after the one year period expired. The *Hill* court, therefore, did not analyze the plaintiff's bad faith conduct to determine whether leave to amend should be granted, but rather whether the defendant may remove the case to federal court after one year of filing the complaint. The court found that the plaintiff acted in bad faith when he deliberately failed to disclose the actual amount in controversy in order to prevent removal within the one year prescribed in 28 U.S.C. § 1446(c)(1). Doc. 19 at 8-9. Specifically, in *Hill*, the defendant took no action to remove the case to federal court within one year of its filing in state court because it relied on the plaintiff's complaint that alleged the amount of claimed damages to be less than $75,000.00 and on the plaintiff's interrogatory responses that represented the value of his damages well below $75,000.00. *Id.* at 1278. The court noted, the "defendant was under no affirmative duty to seek out evidence that would prove Plaintiff was undervaluing his claim before the one year period ran," and found the requisite bad faith to allow removal because of the plaintiff's representations.[6] *Id.* at 1282.

---

[6] It is important to note, Defendant relied on the same case in his Notice of Removal. *See* Doc. 1. While the Court did not explicitly state that Plaintiffs engaged in bad faith, it found no issue with the procedural requirements of 28 U.S.C. § 1446(c)(1), and subsequently

Here, while Defendant was under no like affirmative duty, in the course of the six-year state action litigation, its counsel inquired by e-mail, served requests for admission, propounded interrogatories, and took depositions in an attempt to determine the true amount in controversy. Defendant rightly points out that Plaintiffs' verified answers to the damage interrogatories demonstrate that Plaintiffs knew or should have known from the inception of the case that the amount in controversy exceeded $75,000.00. Doc. 19 at 6-7. In their verified answers, part of the damages Plaintiffs claimed was an amount of $77,942.20, which represented the difference between the insurance coverage policy and the appraisal award, a figure that should have been readily ascertainable from a simple review of the insurance policy and the appraisal award. *Id.*; 19-6 at 2. Thus, by deliberately withholding such pertinent information from Defendant, Plaintiffs were able to prevent removal of the state action for six years, leading Defendant to expend time and resources in defending an action that likely would have been concluded in a much shorter period of time in federal court.

In their verified answers to Defendant's damage interrogatories, Plaintiffs also asserted that they were seeking punitive damages. Doc. 19-6 at 2. While Plaintiffs could not immediately have pled punitive damages because they filed in state court, they reserved the right to amend at a later date to include such claims for punitive damages. Section 768.72(1) provides,

> [t]he claimant may move to amend her or his complaint to assert a claim
> for punitive damages as allowed by the rules of civil procedure. The rules

---

noted that it would take "no further action" on the jurisdictional issue. See Docs. 11, 13.

> of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.

Fla. Stat. § 768.72(1). During the six years of litigation in the state action, Plaintiffs had the opportunity to engage in discovery and uncover evidence that would provide the reasonable basis for recovery of punitive damages. Based on their responses to the verified answers, Plaintiffs intended to seek punitive damages. Doc. 19-6 at 2. Plaintiffs had the recourse to move at any time to amend their state action complaint in accordance with section 768.72(1) but never did so. In fact, Defendant claims it served the damage interrogatories "shortly before the discovery cutoff date," which indicates that by the time this case was removed to federal court, the parties already substantially completed their discovery in the state court action. Doc. 19 at 9. While Plaintiffs filed the instant motion just three days before the deadline to amend pleadings set forth in the Case Management and Scheduling Order (Doc. 14), there seem to be no good reason for the delay of over six years to move to plead punitive damages in the state action.

Defendant argues that the amendment would be unduly prejudicial. Defendant asserts that "had the Plaintiffs disclosed that they would be seeking the damages disclosed in the Verified Answers, including punitive damages – which obviously would have exceeded $75,000 – then [Defendant] might have defended this action much differently. It certainly would have taken a much more focused approach on the issue of punitive damages at the Plaintiffs' depositions." Doc. 19 at 11. The Court agrees that requiring Defendant to engage in significant new preparation and

causing it additional expense and likely increased discovery would place Plaintiffs at an unfair advantage and cause undue prejudice to Defendant. *See Zarrella v. Pac. Life Ins. Co.*, 809 F. Supp. 2d 1357, 1372 (S.D. Fla. 2011) (denying a motion for leave to amend where the amendment would add "an entirely new theory of liability and would require [the defendant] to undertake a different defense strategy and tactics and would require significant new fact and expert discovery."). Under these circumstances, the undersigned recommends that due to the bad faith and dilatory motive of Plaintiffs, as well as the undue prejudice to the Defendant, Plaintiffs' motion for leave to amend to include punitive damages should be denied.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Plaintiffs' Motion for Leave of Court to File Amended Complaint Adding Punitive Damages and Incorporated Memorandum of Law in Support Thereof (Doc. 16) be **DENIED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 10th day of May, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:

The Honorable John E. Steele
Counsel of record